UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NABHOLZ CONSTRUCTION CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:09CV1107 CDP |
| STEVEN D. BECK and JENNIFER L. BECK, | ) ) ) | |
| Defendants. | ) ) | |

# **MEMORANDUM AND ORDER**

Plaintiff Nabholz Construction Corporation filed this suit for payment of notes personally guaranteed by defendants Steven D. and Jennifer L. Beck. The Becks have filed a motion to dismiss or stay the proceedings under the *Colorado River* abstention doctrine because of an ongoing state court proceeding presenting the same or substantially similar issues. Because I conclude that these state and federal court proceedings are parallel and that exceptional circumstances warrant abstention, I will stay the proceedings.

## **Background**

This case arises from disputes among construction companies and lending banks, which have resulted in several lawsuits among the parties in state and federal courts. Plaintiff Nabholz Construction Corporation is party to an Alliance

Agreement with AT&T under which Nabholz performs substantial construction work for AT&T. In order to fulfill its obligations under the agreement, Nabholz contracted with Stocker Construction Company to perform construction work in the St. Louis metro area. Defendants Steven D. Beck and Jennifer L. Beck own most of the stock in Stocker and are the only members of its Board of Directors.

FortuneBank and its participating lender, MIB, are the primary lenders of working capital for Stocker. Around 2007, Stocker started having cash flow problems, and FortuneBank and MIB loaned additional funds to Stocker. As security for the loans, the Becks agreed to personally guarantee them. Nabholz also lent funds to Stocker in consideration for Stocker signing two promissory notes that totaled more than $1.1 million, which the Becks personally guaranteed as well.

Although Stocker and Nabholz's contract was scheduled to continue until January 31, 2010, Nabholz terminated its agreement with Stocker and formed a new agreement with a separate company in May 2009. Because Nabholz claimed a right of setoff for the loans it had already extended to Stocker, it refused to pay Stocker for work already performed or in progress. As a result, Stocker was unable to make payments on the loans issued by FortuneBank and MIB. FortuneBank and MIB then filed suit in the Circuit Court of Jefferson County, Missouri in May 2009. In their state-court petition, FortuneBank and MIB assert

claims against Stocker and the Becks for payment on the notes and breach of contract. They also filed suit against Nabholz for fraudulent misrepresentation, claiming that they only loaned funds to Stocker because Nabholz assured them that Nabholz would continue to work with Stocker.

Since the May 2009 filing, the Circuit Court has granted both a temporary restraining order and a preliminary injunction preventing Nabholz from misappropriating any funds it might still owe Stocker for work already performed, because of the banks' interest in those funds.[1] The parties have conducted some discovery in the state court proceeding, and both Nabholz and the Becks have filed responsive pleadings. Specifically, Nabholz answered on July 27, 2009, and the Becks answered and asserted crossclaims against Nabholz on July 27, 2009, including a claim for a declaratory judgment that the two notes they personally guaranteed to Nabholz are void *ab initio*.

Meanwhile, on July 14, 2009, Nabholz filed the present suit against the Becks, seeking payment on the two notes the Becks personally guaranteed. The Becks have responded with a motion to dismiss or stay the proceedings under the *Colorado River* doctrine, contending that this court should abstain from deciding

---

[1] While the state court was considering the preliminary injunction, Nabholz also filed an involuntary bankruptcy petition against Stocker with the United States Bankruptcy Court for the Eastern District of Missouri. The state case was removed to the bankruptcy proceeding, but for abstention purposes it continues to be the equivalent of a state case, and so I will continue to refer to it as such.

this case because of the parallel state-court proceedings. Nabholz responds that the Becks waived all borrower-related defenses when they signed the personal guaranties, and so any result in the state court will have no effect on the present litigation.

**Discussion**

In general, federal courts have a "virtually unflagging obligation to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). In *Colorado River*, however, the Supreme Court recognized a district court's authority to abstain from exercising jurisdiction over parallel state and federal proceedings because of "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* (quotation omitted). In carving out this exception to a district court's usual obligation to exercise jurisdiction, the Supreme Court cautioned, however, that "[o]nly the clearest of justifications will warrant" abstention. *Id.* at 819. Specifically, a district court may abstain if parallel state and federal actions exist and exceptional circumstances warrant abstention. *See id.* at 817-19; *Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009).

**I. Parallel Proceedings**

As a threshold matter, a district court must determine whether there are pending parallel state and federal proceedings. *Fru-Con Constr.*, 574 F.3d at 535. A parallel proceeding exists if there is a "substantial similarity" between the state and federal proceedings, which occurs when there are similar parties and "a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Id.* (citations omitted). Such substantial similarity does not exist, however, if there is a pending state claim "based on the same general facts or subject matter as a federal claim and involving the same parties." *Id.* In determining whether the state and federal proceedings are parallel, a district court is to consider the proceedings as they presently exist, not when they were originally filed. *Fru-Con Constr.*, 574 F.3d at 540-45 (Bye, J., concurring in the result and joining the dissent in part and Shepard, J., dissenting) (both holding that, for *Colorado River* doctrine purposes, district courts are to determine if proceedings are parallel as they actually exist when the district court issues its abstention order); *see also Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 797.[2]

---

[2]In *Royal*, the court considered whether a district court abused its discretion by abstaining from an action brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 791 (8th Cir. 2008). Although "the test articulated in *Colorado River* for a federal court to abstain when there are parallel state proceedings does not apply to actions under the Declaratory Judgment Act," *id.* at 792, the Eighth Circuit uses the "same test to determine whether cases are parallel in declaratory judgment and non-declaratory judgment actions." *Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 542 n.11 (8th Cir 2009) (Shepherd, J., dissenting).

In this case, the state and federal proceedings involve the same parties: the Becks and Nabholz. Additionally, both the state and federal court proceedings involve a dispute over whether the Becks are required to pay Nabholz on the personal guaranties the Becks signed. Specifically, Nabholz initiated this federal-court proceeding to collect on these two personal guaranties. Meanwhile, in the state-court proceeding, the Becks' crossclaim against Nabholz seeks a declaratory judgment that these same personal guaranties are void *ab initio* and thus unenforceable. Because the two proceedings present the same issue – whether these guaranties are enforceable – any decision rendered in one of the proceedings "will fully dispose of the claims presented" in the other proceeding. *Fru-Con Constr.*, 574 F.3d at 535. Accordingly, these suits are parallel. *See id.* at 540-41 (Bye, J., concurring in the result and joining the dissent in part, and Shepherd, J., dissenting); *see also Royal Indem. Co.*, 511 F.3d at 791-92, 796-97 (holding that state and federal proceedings were parallel when federal plaintiff initiated federal-court proceeding and federal defendant subsequently amended its state-court complaint to raise the same issues as present in the federal court proceeding).

Because I determine that these proceedings are parallel, I must now consider whether exceptional circumstances warrant abstention. *Fru-Con Constr.*, 574 F.3d at 534.

## II. Exceptional Circumstances Factors

To determine whether exceptional circumstances exist that warrant abstention the court should consider:

(1) whether there is a res over which one court has established jurisdiction;

(2) the inconvenience of the federal forum;

(3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed;

(4) which case has priority – not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases;

(5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls; and

(6) the adequacy of the state forum to protect the federal plaintiff's rights.

*Federated Rural Elec. Ins. Corp. v. Ark. Elec. Coops., Inc.*, 48 F.3d 294, 297 (8th Cir. 1995) (citations omitted). In considering these factors, a district court must carefully balance them "as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). Additionally, the weight a district court gives "to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Id.* With these principles in mind, I turn to the facts of this case.

### Is there a res over which one court has established jurisdiction?

The Becks assert that the state court has established jurisdiction over property that is at the center of both the federal and state proceedings because the state court issued a preliminary injunction ordering Nabholz to post a bond to cover any funds that might be due to FortuneBank and MIB. The state court's preliminary injunction, however, does not amount to that court having jurisdiction over any property at issue in this case. A suit to collect on a guaranty is an in personam action, not an in rem action. *See ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 382 (Mo. 1993) (listing the elements of a suit to recover on a guaranty). Thus, even if the state court has issued a preliminary injunction over Stocker Construction's accounts receivable, Nabholz could still collect in federal court on the guaranties the Becks signed if the guaranties are held enforceable. Accordingly, this factor is neutral and does not weigh into the "exceptional circumstances" calculation. *See Federated Rural*, 48 F.3d at 297.

### Is there any inconvenience of the federal forum?

The defendants admit that the federal forum is no more inconvenient than the state court, so this factor is also neutral. *See id.*

### Will maintaining separate actions result in piecemeal litigation?

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *LaDuke v. Burlington N.R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989) (quotations omitted). Because the policies underlying the *Colorado River* abstention doctrine are "considerations of '[w]ise judicial administration,'" courts have given the greatest weight to considerations of avoiding piecemeal litigation. *Federated Rural*, 48 F.3d at 297-98 (quoting *Colorado River*, 424 U.S. at 817); *cf. Colorado River*, 424 U.S. at 819 (holding that the most important factor in that case weighing in favor of abstention was the "clear federal policy" in the relevant legislation of avoiding "piecemeal adjudication of water rights in a river system").

Here, there is a risk that two different courts could duplicate their efforts and reach different results. *See LaDuke*, 879 F.2d at 1560. At issue in both the state and federal proceedings is the enforceability of the guaranties the Becks signed. If the state and federal court proceedings were to continue as they now stand, both courts will have to consider the same evidence and laws to determine whether the guaranties are enforceable. The courts could reach different results on this question. Accordingly, this risk of piecemeal litigation weighs in favor of abstention. *See LaDuke*, 879 F.2d at 1560-61 (district court did not abuse its discretion by abstaining under *Colorado River* when there was a danger of

piecemeal litigation because "identical issues" would be litigated simultaneously in state and federal courts); *see also Tyrer v. City of South Beloit, Ill.*, 456 F.3d 744, 756-57 (7th Cir. 2006) (affirming a district court's stay of proceedings when "the claims in the federal and state suits [were] predicated on the same facts and [would] be resolved largely by reference to the same evidence," resulting in "an undue risk of conflicting final judgments on the merits); *see also Maritz v. Starek*, No. 4:05CV2093 JCH, 2006 WL 1026925, at *8 n.2 (E.D. Mo. Apr. 18, 2006) (stating that the third factor pointed in favor of abstention when state and federal proceedings could result in contradictory interpretations of a trust clause).

<u>Which case has priority?</u>

The Supreme Court has advised district courts that, when considering the fourth factor, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. Here, although the Becks' crossclaim against Nabholz was filed after Nabholz filed its federal complaint, significantly more progress has been made in the state court proceeding than in the federal proceeding. *See id.* Specifically, the state court has issued a temporary restraining order and a preliminary injunction, discovery has begun, and both Nabholz and the Becks have filed responsive pleadings. By contrast, in this federal court

proceeding, Nabholz has only filed its complaint, to which the Becks responded by filing the motion to dismiss or stay.

Thus, the fourth factor also weighs in favor of abstention. *See Colorado River*, 424 U.S. at 820 (holding that another factor that weighed in favor of abstention was "the apparent absence of any proceedings in the District Court, other than the filing of the complaint, prior to the motion to dismiss"); *Maritz*, 2006 WL 1026925, at **4-5, 8. (noting that fifth factor weighed in favor of abstention even though federal plaintiff filed his complaint on November 7, 2005 and federal defendant amended her state court petition on December 9, 2005, because related state court proceeding had been originally initiated by non-parties to the federal proceeding in 2003).

<u>Does state or federal law control?</u>

Although state law governs this action, "the presence of state law issues will weigh in favor of abstention only in rare circumstances," such as when courts are deciding whether environmental cleanup costs are a type of damage covered by a standard form insurance policy. *Federated Rural*, 48 F.3d at 299 (citing *Moses H. Cone*, 460 U.S. at 26). Because this is not one of those circumstances, this factor is neutral and weighs neither in favor of nor against abstention. *See also Fru-Con Constr.*, 574 F.3d at 539 (noting that the fact that state law would apply to an action for breach of contract did not weigh in favor of abstention).

- 11 -

### Is the state forum adequate to protect the federal plaintiff's rights?

Under Eighth Circuit law, this sixth factor "counts for or against abstention and dismissal only where 'one of the forums is *inadequate* to protect a party's rights.'" *Id.* (citations and quotations omitted) (emphasis in original). Here, no party alleges that either state or federal court is inadequate to protect Nabholz's rights. Accordingly, this factor is irrelevant in determining whether to abstain.

From the analysis of the six factors, I conclude that only factors three and four are relevant, and both weigh in favor of abstention. Accordingly, this case presents exceptional circumstances that warrant abstention, and I will abstain in favor of the state court proceeding. *See Colorado River*, 424 U.S. at 819-20; *see also Tyrer*, 456 F.3d at 755-57 (affirming district court's abstention when exceptional circumstances included (1) the risk of piecemeal litigation, and (2) the fact that more progress had been made in state court proceeding).

I conclude, however, that the more appropriate course of action in this case is a stay of the federal proceedings, rather than a dismissal. Specifically, "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case . . . fails to resolve the matter in controversy." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 n.2 (1995) (discussing abstention because of parallel state proceedings in actions brought under the

Declaratory Judgment Act); *see also Royal Indem.*, 511 F.3d at 797 (vacating a dismissal order of an action under the Declaratory Judgment Act and remanding to the district court to enter a stay of proceedings). For the same considerations, numerous circuits have held that "a stay, not a dismissal, is the appropriate procedural mechanism for a district court to employ in deferring to a parallel state court proceeding under the *Colorado River* doctrine." *Selmon v. Portsmouth Drive Condo. Ass'n*, 89 F.3d 406, 409-10 (7th Cir. 1996) (collecting cases). Thus, I deem it appropriate to stay this action pending the outcome in the state-court proceeding.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss or stay [#8] is **GRANTED** .

**IT IS FURTHER ORDERED** that this case is **STAYED** pending resolution of defendants' crossclaims in the state-court proceeding.

**IT IS FURTHER ORDERED** that the parties shall notify this court in writing within fourteen days of the resolution of the state court proceeding.

 *Catherine D. Perry*
 CATHERINE D. PERRY
 UNITED STATES DISTRICT JUDGE

Dated this 30th day of March, 2010.